IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-20636

Summary Calendar

WILLIAM KEATON

Plaintiff-Appellant,

ROBERT OTT, et. al

versus

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-92-CV-2463)

February 2, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.
PER CURIAM:[*]

William Keaton, a Texas prisoner, filed a complaint under 42 U.S.C. § 1983 alleging violation of various constitutional rights. Before this court, Keaton has abandoned all claims but two, that Texas prison authorities have applied T.D.C.J. Rule AM-03.81.055 so as to violated his right to access to the courts, and that certain prison officials violated his right to due process by confiscating certain property bought from the prison commissary without just compensation. Rule 03.81.055 provides that prisoners may not talk to one another in the law library

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

without first obtaining the permission of the officer in charge. Attached to Keaton's complaint were eight affidavits, six of which bear a remarkable similarity to one another, recounting that the affiant had been peacefully and quietly seeking legal information from fellow prisoners in the law library when he was told to stop talking. Shortly after filing his complaint, Keaton motion for a temporary restraining order or a preliminary injunction. The district court denied the motion. Keaton appealed to this court, and we affirmed on the ground that Keaton's complaint failed to allege that he suffered prejudice as a result of any application of Rule 03.81.055.

The district court granted the defendants' motion for summary judgment, and Keaton appeals.

We affirm. Although Keaton is correct that prisoners possess a constitutional right to access to the courts, he cannot attack a rule like Rule 03.81.055 on this ground unless he demonstrates that his position as a litigant has been adversely affected by the application of the rule. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Keaton's complaint fails to allege any specific way in which his position as a litigant has been affected. This court's previous opinion relied on this precise ground to affirm the district court's denial of a preliminary injunction. After our decision, Keaton did not amended his complaint or bring any new evidence to the attention of the district court.

Keaton's challenge to the confiscation of his property without due process fails because he possesses at least one of two unexhausted state law methods of recovering the property, a tort suit or an administrative action under Tex. Gov. Code § 500.007.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Thompson v. Steele, 709 F.2d 381, 383 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

AFFIRMED.